STATE OF MINNESOTA                          IN DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT
                                            Case Type: FDCPA violation

---

Judith A. Redden,                           Court File No.

        Plaintiff,

vs.

Capital One Services, L. L. C.,
a Delaware limited liability company,
Gurstel Chargo, P. A.,
a Minnesota business corporation,

        Defendants.

---

SUMMONS

---

TO: DEFENDANTS ABOVE NAMED

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number of this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Mitchell R. Hadler
        Attorney at Law
        222 Ninth Street South 1600
        Minneapolis, Minnesota 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint you must say so in your Answer.

4. **YOU WILL LOST YOUR CASE IFYOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE LEGAL DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

The object of this action is money damages.

Date: 10 MARCH 15

Mitchell R. Hadler
MN 39172
Attorney for Plaintiff
222 Ninth Street South 1600
Minneapolis, Minnesota 55402
612.414.7361/651.222.4260 (res.)

2

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: FDCPA violation |

Court File No.

Judith A. Redden,
       Plaintiff,
vs.

Capital One Services, L. L. C.,
a Delaware limited liability company,
Gurstel Chargo, P.A., a Minnesota P.A.,

       Defendants,

## COMPLAINT

Plaintiff Judith A. Redden for her Complaint against Defendants states and alleges as follows:

### INTRODUCTION

1.    This case is Judith A. Redden's action for, statutory money damages, and costs of suit and reasonable attorney fees for violations of the Fair Debt Collection Practices Act of 1977 (FDCPA).[1] committed by Capital One Services, L. L. C. and Gurstel Chargo, P. A.

### MINNESOTA LAW

2.    The standards of the FDCPA are incorporated into Minnesota law at Minn. Stat. § 332.37(12).[2]

---

[1] 15 U. S. C. §§ 1692 *et seq.*

[2] Minn. Stat. § 332.37 **Prohibited Practices.** "No collection agency shall...(12) violate any of the provisions of the Fair Debt Collection Practices Act of 1977, Public Law 95-109, while attempting to collect on any account, bill, or other indebtedness."

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U. S. C. § 1692k(d)[3] that which permits cases arising under the FDCPA to be brought in state or federal court.

4. Venue is proper in this district because the acts complained of occurred in this district and the Plaintiff resides in this district.

5. Declaratory relief is available pursuant to 28 U. S. C. §§ 2201[4] and 2202.[5]

## PARTIES
### PLAINTIFF

6. Plaintiff Judith A. Retten (hereinafter "Plaintiff") is an adult and at all times relevant hereto has been a resident of the City of Edina, County of Hennepin, State of Minnesota.

### DEFENDANTS
### DEFENDANT CAPITAL ONE SERVICES, L. L. C.

7. Defendant Capital One Services, L. L. C. (COS LLC) is a Delaware corporation filed December 1, 1995, with a Principal Executive Office at 1500 Capital One Drive, Richmond, Virginia 23238-1119, where the Manager is: Richard D. Fairbank; Telephone: (804) 967-1000; FAX:

---

[3] 15 U. S. C. §1692k(d):"An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction within one year from the date on which the violation occurs."

[4] 28 U. S. C. § 2201: Creation of remedy: "…..any court of the United States, upon the filing of an appropriate pleading, may, declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be requested."

[5] 28 U. S. C. § 2202: Further Relief: "Further and necessary relief or proper relief based on a declaration, judgment or demand may be granted, after reasonable motion and hearing against any adverse party whose rights have been determined by such judgment."

*Redden v. Capital One Services, LLC, et al.*
Complaint                                                    2

(804) 967-1936; and an address at 32275 – 32nd Avenue South, Federal Way, Washington 98001; Telephone: (253) 874-7400; and an office at Post Office Box 30285, Salt Lake City, Utah 84130; Telephone: (800) 955-6600.

8.   Defendant COS LLC obtained a Minnesota collection agency License #40251617 from the Minnesota Department of Commerce originally issued June 20, 2011.

9.   The Minnesota registered agent for service of process for Defendant COS LLC is Corporation Service Company, 380 Jackson Street #700, St. Paul, Minnesota 55101.

10.   Defendant COS LLC is engage in the business of collecting debts for several entities including but not limited to Capital One (USA), N. A., a federally chartered bank.

10.01 Defendant COS LLC was a Minnesota Department of Commerce collection agency licensee; that COS LLC is engaged in the principal business of debt collection and operates by utilizing U.S. Mail and telephone lines to collect debts from consumers.

10.02 Justia Dockets and Filings lists 419 cases filed against Defendant Capital One Services, L. L. C. from January 1, 2004, to March 7, 2014, for alleged violations of consumer protection laws, including the FDCPA; Defendant COS LLC is engaged in the business of debt collection and is a debt collector as defined under the FDCPA.

11.   Defendant Gurstel Chargo, PA (Gurstel Chargo) is a collection law firm located in Golden Valley, Minnesota, and maintains law office

in both Minnesota and Arizona; Defendant Gurstel Chargo is engaged in the business of debt collection and is a debt collector as defined under the FDCPA.

12.   Defendant Gurstel Chargo was engaged by Defendant COS LLC to collect a debt from Plaintiff, as will be described more fully below.

**FACTUAL ALLEGATIONS**

13.   Plaintiff makes the following factual allegations against the Defendants:

13.01 Defendant commenced contacting Plaintiff by written correspondence by letter dated January 17, 2014. See Exhibit 1. Said letter did not contain the advisory that the letter was from a debt collector, that any information obtained would be used for debt collection purposes, and failed to contain a validation notice for a 30 day time period to request a validation of her debt in which Plaintiff, *inter alia*, could dispute the debt being collected.

13.02 In response to the letter referenced in Exhibit 1, Plaintiff sent a letter to Defendant to cease contacting her as follows: "Do not call or write me at home or at work." This letter was sent on February 20, 2014. See Exhibit 2.

13.03. Defendant COS LLC, on March 12, 2014, sent Plaintiff a letter advising that Defendant had placed a "Cease and Desist" on her account. Defendant COS LLC in said letter then invited Plaintiff to call Defendant COS LLC if Plaintiff did not want a cease and desist on the account, and to call about any other servicing needs on the account. See Exhibit 3.

13.04 Thereafter Plaintiff referred the collection file to Defendant Gurstel Chargo, PA (Gurstel Chargo) a collection law firm located in Golden Valley,

Minnesota; whereupon Gurstel Chargo sent Plaintiff a collection letter dated April 30, 2014 demanding payment of the debt previously being collected by Defendant COS LLC. See Exhibit 4.

13.05 Thereafter Plaintiff sent Defendant Gurstel Chargo a no contact letter dated May 19, 2014 stating as follows: "Do not contact me at home or work, except to send me a verification of the allegd debt you are attempting to collect." See Exhibit 5.

13.06 On May 26, 2014 Defendant COS LLC sent Plaintiff another letter "thanking" Plaintiff for contacting Defendant COS LLC when in fact Plaintiff had not made such contact with Defendant COS LLC, and indicating that Plaintiff was a "valued customer" and made reference to a change of address request and inviting Plaintiff to call Defendant COS LLC. See Exhibit 6.

13.07 On June 10, 2014 Defendant COS LLC sent Plaintiff another letter "thanking Plaintiff for contacting Defendant COS LLC when in fact Plaintiff had not made such contact with Defendant COS LLC, and stating "We appreciate your inquiry regarding the validity of this account." In fact, Plaintiff had not made any inquiries to Defendant COS LLC regarding the validity of an account; that Defendant's letter made reference to a "disagreement code with a resolution of dispute on your credit file to the major credit reporting agencies" and invited Plaintiff to call Defendant COS LLC. See Exhibit 7.

### COUNT 1 – VIOLATION OF THE FDCPA BY DEFENDANT CAPITAL ONE SERVICES, LLC

14. Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 13 of this Complaint for each Count setting forth a violation of the FDCPA, 15 U.S.C. § 1692 et seq.

14.01 – Count 1.01 - Violation of <u>15 USC § 1692g(a) Failure to Timely Validate Debt</u> - Defendant COS LLC violated 15 USC § 1692g(a) by failing to timely disclose account collection information within five days of initial communication with the Plaintiff in connection with the collection of a debt to wit: Defendant contacted Plaintiff by letter dated January 17, 2014, See Exhibit 1; that on information and belief this was the first contact initiated by Defendant COS LLC; that 15 USC § 1692g(a) requires that a debt collector provide a validation notice on first contact with Plaintiff or within 5 days of making contact with Plaintiff, including but not limited to name of the creditor, the amount of the debt, the right to dispute the debt, and request for debt verification; that Defendant COS LLC failed to provide the information as required under § 1692g(a) and Defendant COS LLC is liable to Plaintiff therefore.

14.02– Count 1.02 – Violation of <u>15 U.S.C. § 1692c(c)</u> Failing to Cease Communication – Defendant COS LLC violated 15 U.S.C. § 1692c(c) by continuing to contact Plaintiff after being advised "Do not call or write to me at home or at work."; that on February 20, 2014, Plaintiff mailed Defendant COS LLC a no contact letter, See Exhibit 2; thereafter Defendant COS LLC contacted Plaintiff by directly for purposes to collect a debt by letters dated March 12, 2014 (Exhibit 3) May 26, 2014 (Exhibit 6) and June 10, 2014 (Exhibit 7), and indirectly through the letter sent by Defendant Gustell Chargo dated April 30, 2014 (Exhibit 4)all in violation of 1692c(c); that said letters were not sent under the provisions set forth in 1692c(c) (1), (2) or(3); and that Defendant COS LLC is liable to Plaintiff therefore.

14.03 – Count 1.03 – Violation of 15 U.S.C. § 1692e(11) – Failure to notify that communication was from a debt collector – Defendant violated 15 U.S.C.

§ 1692e(11) by failing to advise Plaintiff that the Defendant COS LLC was a debt collector attempting to collect a debt and that information obtained would be used for that purpose in the letter sent to Plaintiff on January 17, 2014 (Exhibit 1) and in failing to advise Plaintiff that the letter was from a debt collector in letters dated March 12, 2014 (Exhibit 3), May 26 (Exhibit 6) and June 10, 2014 (Exhibit 7) and Defendant COS LLC is liable to Plaintiff therefore.

### COUNT 2 – VIOLATION OF THE FDCPA BY DEFENDANT GURSTEL CHARGO, P.A.

15. Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 15 of this Complaint for each Count setting forth a violation of the FDCPA, 15 U.S.C. § 1692 et seq.

15.01 – Count 1 – Violation of Violation of 15 U.S.C. § 1692c(c) Failing to Cease Communication - Defendant Gurstel Chargo violated 15 U.S.C. § 1692c(c) by continuing to contact Plaintiff after Plaintiff advised Defendant COS LLC by letter mailed to Defendant COS LLC on February 20, 2014 as follows: "Do not call or write to me at home or at work." (Exhibit 2); thereafter Defendant Gurstel Chargo, on information and belief, obtained the collection file from Defendant COS LLC and contacted Plaintiff by letter dated April 30, 2014 with the purpose of collecting the debt Defendant COS LLC was attempting to collect from the Plaintiff (Exhibit 4); that the actions of Defendant Gurstel Chargo in sending Plaintiff a collection letter dated April 30, 2014 violated 15 U.S.C. §1692c(c) and Defendant Gurstel Chargo is liable to Plaintiff therefore.

### PAIN AND SUFFERING

16. As a result of the above described violations of the Defendant, Plaintiff experienced general damages, including pain and suffering, and Defendant is Liable to Plaintiff therefore.

### RESPONDEAT SUPERIOR

17. The actions complained of herein were carried out by Defendants with

full authority and approval of the Directors, Officers, employees and agents, all with the willful purpose to engage in unlawful and unauthorized telephone contacts with the Plaintiff. Defendants, at all time relevant hereto, acted through its agents and employees who willfully took the actions complained of herein, said actions being authorized and within the ordinary course and scope of their employment and while pursuing the business objectives of their employer.

## FURTHER DISCOVERY and CLAIMS

18.   That Plaintiff, upon information and belief, alleges that through the discovery process additional instances of violations of the FDCPA and/or other statutes will be revealed, and that Plaintiff reserves the right to amend this complaint upon receipt of discovery responses, including activities that might include and evince a wrongful, malicious and/or reckless disregard for the rights of third persons

## WILLFUL VIOLATION

19.   Defendants, acting through agents and employees, willfully and knowingly acted in wrongful contravention of the laws and statutes of the United States and the State of Minnesota, causing Plaintiff general damages, pain and suffering in the form of aggravation, insult and stress and distress and embarrassment from harassing activities specified above, and Defendants are each liable to Plaintiff therefore.

## CONTINUING VIOLATION

20.   Defendant COS LLC engaged in a continuing violation and practice of failing to include proper notices and notifications in written communications to Plaintiff including requirement that Defendant COS LLC advise in written communications that it is a debt collector and any information obtained

would be used for debt collection purposes; that Defencant COS LLC violated 1692e(11) repeatedly and as a continuing practice from January 17, 2014 (Exhibit 1) through June 10, 2014 (Exhibit 7.)

**WHEREFORE,** Plaintiff Judith A. Redden requests judgment against Defendants COS LLC and Gurstel Chargo as follows:

(a) For Declaratory Relief finding Defendant COS LLC in violation of the FDCPA as set forth in **Count 1**, together with statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for violation of the FDCPA; Prejudgment interest at the legal rate of interest; and Attorney fees and costs of action pursuant to 15 U.S.C. § 1692k(a)(3);

(b) For Declaratory Relief finding Defendant Gurstel Chargo in violation of the FDCPA as set forth in **Count 2**, together with statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for violation of the FDCPA; Prejudgment interest at the legal rate of interest; and Attorney fees and costs of action pursuant to 15 U.S.C. § 1692k(a)(3);

(c) For general damages for pain and suffering and for such other and further relief as may be just and proper.

Date: 10 MARCH 15

Mitchell R. Hadler
Attorney for Judith A. Redden
MN 39172
222 Ninth Street South 1600
Minneapolis, Minnesota 55402
612.414.7361/651.222.4260 (res.)

ACKNOWLEDGEMENT
The undersigned acknowledges that costs, disbursements, witness fees and attorney fees may be awarded pursuant to Minn. Stat. § 529.211.

Mitchell R. Hadler