# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH A. REDDEN, | Civil No. 15-1640 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CAPITAL ONE SERVICES, L.L.C.'S MOTION TO DISMISS** |
| CAPITAL ONE SERVICES, L.L.C. and GURSTEL CHARGO, P.A., | |
| Defendants. | |

Mitchell R. Hadler, **LAW OFFICE OF MITCHELL R. HADLER**, 222 Ninth Street South, Suite 1600, Minneapolis, MN 55402, for plaintiff.

Aaron D. Van Oort, Erin L. Hoffman, and Jessica Z. Savran, **FAEGRE BAKER DANIELS, LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendant Capital One Services, L.L.C.

Andrew D Wold, **GURSTEL CHARGO P.A.,** 6681 Country Club Drive, Golden Valley, MN 55427, for defendant Gurstel Chargo, P.A.

In this Fair Debt Collection Practices Act ("FDCPA") case, Plaintiff Judith Redden alleges Defendants Capital One Services, LLC ("Capital One Services") and Gurstel Chargo, P.A. ("Gurstel Chargo") each failed to cease communicating with Redden in violation of federal law. Redden also alleges that Capital One Services failed to disclose certain required information.

Now before the Court is Capital One Services' motion to dismiss Count I of the complaint for failure to state a claim. Capital One Services is just one of numerous

Capital One-legal entities, and this motion centers largely on whether facts available to the Court at this stage in the proceeding show when, if ever, Capital One **Services** "obtained" Redden's debt.  Based on information included in one of Redden's exhibits, the Court finds that Capital One Services obtained Redden's debt before she went into default and that Capital One Services is accordingly not a "debt collector."  The Court will therefore grant Capital One Services' motion.

## BACKGROUND

### I.   FACTUAL BACKGROUND

For the purposes of this motion to dismiss, the Court takes Redden's factual allegations as true.  *Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007). Plaintiff Redden is a Minnesota resident, Defendant Gurstel Chargo is a Minnesota law firm, and Defendant Capital One Services is a Delaware corporation with its principal place of business in Virginia.  Capital One **Services** is wholly owned by non-party Capital One, **N.A.**, which in turn is a wholly owned subsidiary of non-party Capital One **Financial Corporation**, a publicly held company.  (Capital One Services' Corporate Disclosure Statement, Apr. 7, 2015, Docket No. 9.)  Capital One Services obtained a collection agency license from the Minnesota Department of Commerce on June 20, 2011, and is "engage[d] in the business of collecting debts for several entities including but not limited to Capital One (USA), N.A., a federally chartered bank."  (Notice of Removal, Doc.1-1 ("Summons & Compl.") at 5 ¶¶ 8, 10, Mar. 31, 2015, Docket No. 1.)

In 2014, a series of correspondence began between Redden and various Capital One entities and agents. On January 17, 2014, Capital One Services sent Redden a letter stating Redden's account was "past due"; that she owed a minimum payment of $435.00, due by February 10; and that if she made her minimum payment, she would "bring this account out of Collections." (*Id.*, Doc. 1-2 ("Compl. Exs.") at 1.) The letter did not state whether Capital One Services was a debt collector or whether collected information may be used for debt-collection purposes, and neither did it include notice of any right Redden might have to dispute the debt. (Summons & Compl. at 6 ¶ 13.01.) Redden responded to the letter on February 20, 2014, writing, "Do not call or write me at home or at work." (*Id.* at 6 ¶ 13.02.)

Redden then received a letter dated March 12, 2014, from "The Customer Solutions Team" at "Capital One." (Compl. Exs. at 5.) Nothing in the exhibits before the Court indicates that this letter was from Capital One **Services**, just that it was from "Capital One." (Notably, the header and signature on this letter differed from the headers and signatures on letters signed by Capital One Services. (*Compare id.* ("Capital One"), *with id.* at 1, 8, 9 ("Capital One Services, LLC").)) This letter from "Capital One" stated that a "Cease and Desist" had been applied to Redden's account, "mean[ing] we won't contact you any more about collections on your account." (*Id.* at 5; *see also* Summons & Compl. at 6 ¶ 13.03.)

The following month, on April 30, 2014, Gurstel Chargo sent Redden a letter stating, "Capital One Bank (USA), N.A. retained our law firm to collect the balance owing on your Capital One Bank (USA), N.A. account with account number [redacted].

Our client informs us, as of the date of this letter, you owe $2,936.99." (Compl. Exs. at 6; *see also* Summons & Compl. at 6-7 ¶ 13.04.)

On May 19, 2014, Redden mailed another stop-contact letter, this time to Gurstel Chargo. (Compl. Exs. at 7; Summons & Compl. at 7 ¶ 13.05.) Redden forwarded copies of this letter to Capital One Services as well as to non-party Capital One Bank (USA) N.A. (Compl. Exs. at 7.)

Capital One Services then sent Redden a letter "thank[ing]" her for "contacting us about your Capital One[] account" and stating that Capital One Services "need[ed]" her personal information in order "to process your request to redirect the mails." (*Id.* at 8.) A few weeks later on June 10, 2014, Capital One Services sent Redden another letter, again thanking Redden for "contacting us" about her Capital One account and stating, "We appreciate the opportunity to address your inquiry regarding the validity of this account." (*Id.* at 9.) This letter also stated, "According to our records, we received your application by phone/internet on 08/17/2005 and your account was opened on 08/23/2005. The last charge billed to your account was on 08/10/2013 in the amount of $42.43. Your last payment received on this account was on 09/02/2013 in the amount of $70.00." (*Id.*)

On March 10, 2015, Redden filed a complaint against Capital One Services and Gurstel Chargo in Hennepin County District Court in Minnesota, alleging each of Defendants' letters violated the FDCPA. Capital One Services then removed the case to federal court and filed the motion to dismiss Count I of the complaint now before the Court.

## ANALYSIS

### I.  STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal quotation mark omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted).

### II.  FDCPA "DEBT COLLECTORS"

Redden alleges that Capital One Services' follow-up communications violated the FDCPA, but Capital One Services argues Redden's FDCPA claims fail as a matter of law

because the relevant FDCPA provisions apply only to "debt collector[s]" and Capital One

Services is not a "debt collector" in this instance.

The FDCPA defines the term "debt collector" and carves out a number of

categorical exceptions.  The exception that Capital One Services relies upon states that a

"debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or
> asserted to be owed or due another to the extent such activity . . . concerns a
> debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(iii).

Capital One Services believes it may avail itself of this exception because it

obtained Redden's debt well before Redden went into default.  But Redden argues the

facts as she alleges them do not make clear exactly when Capital One Services obtained

the debt (presumably from another Capital One entity that originated the debt), or even

when Redden defaulted on her debt.

Capital One Services' argument, however, is more persuasive.  It points to the

June 10 letter that Redden herself attached to her complaint as an exhibit.  (Compl. Exs.

at 9.)[1]  That letter is signed by "Capital One **Services**, LLC" and states that "**we** received

your application . . . on 08/17/2005 and your account was opened on 08/23/2005." (*Id.* at

9 (emphasis added).)  Capital One Services suggests that from this text the Court may

infer that Capital One Services "obtained" Redden's debt in 2005, and the Court agrees.

---

[1] Although the Court need not presume the facts in the June 10 letter is true, as it must
with facts pleaded in Redden's complaint, the Court may nonetheless consider the exhibit.  *See
Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (permitting consideration of exhibits
attached to the pleadings).

It appears that Capital One Services has serviced Redden's account since it was opened, and the only plausible inference is that Redden only later defaulted on the debt; it is not plausible that Redden's account was in default at the moment of inception.[2]

Therefore, the Court finds that Capital One Services obtained Redden's debt prior to Redden's default, Capital One Services is not in this instance a debt collector under the FDCPA, and Redden's claims against Capital One Services must therefore fail.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant Capital One Services' Motion to Dismiss [Docket No. 3] is **GRANTED**.  Count I is **DISMISSED with prejudice**.

2.     Defendant Capital One Services is **DISMISSED** from the case.

DATED:  February 1, 2016
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court

---

[2] Redden does not argue that a party "obtains" a debt in the eyes of the FDCPA only by acquiring an ownership stake.  If that were the case, it could be argued that on the facts available in the complaint it appears Capital One Services only contracts to service Redden's debt, does not own it, Capital One Services never "obtain[ed]" Redden's debt, and Capital One Services is therefore a "debt collector."  Even if Redden had made this argument, however, most courts to consider the question have given the FDCPA's usage of "obtain" a more liberal interpretation.  *Compare, e.g., Wood v. Capital One Servs., LLC*, No. 5:09-1445, 2012 WL 4364494, at *7 (N.D.N.Y. Sept. 21, 2012) (interpreting the word "obtain" to be broader than its dictionary definition), *with Obtain, Black's Law Dictionary* (10th ed. 2014) ("To bring into one's own possession; . . . <to obtain wealth>.").